```
                    UNITED STATES DISTRICT COURT              FILED

                       DISTRICT OF SOUTH DAKOTA               SEP 1 1 2014

                           SOUTHERN DIVISION
                                                                 CLERK
```

******************************************************************************
```
                                   *
MICHAEL DEAN SMITH,                *    CIV 13-4058
                                   *
           Plaintiff,              *
       vs.                         *    OPINION AND ORDER
                                   *
CAROLYN W. COLVIN,                 *
Commissioner of Social Security,   *
                                   *
           Defendant.              *
                                   *
```
******************************************************************************

      This Court referred the case to United States Magistrate Judge John E. Simko for the purpose of issuing a Report and Recommendation. The Magistrate Judge has recommended that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed with prejudice and on the merits. Plaintiff has filed Objections to the Report and Recommendation. The Plaintiff's Objections are granted in part and denied in part. Likewise, the Report and Recommendation is adopted in part and refused in part.

      Plaintiff Michael Dean Smith claims benefits from March 2000 to March 2, 2002 and to January 20, 2005. The Administrative Law Judge (ALJ) in the 2012 Opinion concluded that the United States Magistrate's 2011 Report and Recommendation, which this Court adopted, precluded consideration of benefits prior to January 20, 2005. That comment in the Magistrate's Report and Recommendation was dicta which related to the Magistrate Judge's understanding of the ALJ's 2008 decision.

      Subsequently at the 2012 hearing the claimant through replacement counsel submitted substantial new and material evidence which was received into the hearing record. In addition to other claims, Plaintiff claims that the 2000 application can be reopened because the Plaintiff had

cognitive deficiencies which precluded him from appealing the adverse ruling on the 2000 Application. There is new and material evidence from both expert and lay witnesses regarding the traumatic brain injury and its effects upon Michael Smith. That evidence, even though credible, is not enough to establish a mental incapacity that would allow a reopening of the 2000 claim. The only other possibility for reopening is not available in that the 2000 claim is beyond the four year window for constructive reopening.

The December 2002 application was initially denied on April 4, 2003, less than four years prior to the application filed in 2006 so that is within the four year window conferred by constructive reopening. Accordingly, the Court will consider only the December 2002 application. Whether *res judicata* was applicable because of the Magistrate's dicta that was adopted by this Court is a law question. The ALJ was misled by that dicta and concluded that it could not consider the claims prior to 2005. Administrative *res judicata* is not applicable in this case because new and material evidence was presented subsequent to the initial determination on the 2002 claim. Since there was new and material evidence offered and received in this case administrative *res judicata* will not be applied.

Additional medical evidence was introduced into the record for the 2012 hearing. In addition, lay witness evidence was also submitted at the 2012 hearing which detailed the functioning problems of Mr. Smith in the time span following the 2000 accident up to the hearing. This lay witness evidence was used by the treating psychologist for his opinion, coupled with his own knowledge of the patient. That combination of evidence meets the admissibility standard stated in *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1985) and must be considered. That evidence was properly allowed into the 2012 record, but was not commented upon by the ALJ. The expert opinion was that Smith's psychological impairment resulting from traumatic brain injury had been listing-level since the March 2, 2000 injury. AR 687-707. Smith also submitted evidence from Medical Advanced Pain Specialists dated September 2001 to February 2003, MAPS psychological evaluation dated May 31, 2002, Mayo Clinic evidence dated February to August 2003, ophthalmology evidence dated March 2000 to October 2003, physical therapy evidence for 2003, vocational rehabilitation evidence dated February 2003, and Minneapolis Clinic of Neurology evidence dated March 2000 to June 2011. AR

731-831, 887-891.

The ALJ in the August 22, 2012 decision found that Smith had "severe" impairments in the form of degenerative disc disease, traumatic brain injury, bilateral carpal tunnel syndrome, degenerative joint disease, diplopia, mood disorder, and a history of substance addiction disorder and that Smith had an impairment that met one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, as of June 21, 2005. With the exception of the substance abuse disorder and mood disorder, Smith had all those conditions since the time of or soon after his March 2, 2000 injuries. Those injuries from being knocked 14 or 16 feet into a rock and landing on his head and left side included bifrontal subdural hemorrhages, hemorrhagic cerebral contusions, subarachnoid hemorrhage, rib fractures, bilateral pleural effusions, left shoulder injury, lumbar disc injuries, left wrist injury and injuries affecting vision. The new and material evidence submitted, along with previously submitted evidence, establishes that for the time period covered by the 2002 claim, that being March 2, 2002 through January 20, 2005, the Plaintiff qualifies for Disability Insurance Benefits.

Plaintiff urges that the 2012 decision of the ALJ should be reversed because of a failure to consider HELLEX regulations. The HELLEX regulations are for internal use of the Social Security Administration and do not establish a separate basis for reversal in this case. The Court finds *Moore v. Apfel*, 216 F.3d 864, 868-869 (9th Cir. 2000) persuasive on that point and does not base this award on that claim of error by the Plaintiff.

Due to the Court finding that the cognitive difficulties from his injury did not prevent Mr. Smith from appealing, the Court does not find that Smith's due process rights were violated in these or any of the prior proceedings. There has been no such showing made.

The record convincingly establishes that Michael D. Smith has an impairment that is "severe" dating from his injury on March 21, 2000 and is entitled to Disability Insurance Benefits from March 2, 2002 through January 20, 2005, as well as subsequent to 2005 as has been previously awarded and accordingly those prior benefits are awarded by this opinion. There is no need to

remand again to the Administrative Law Judge for further proceedings and an immediate granting benefits is appropriate. Accordingly,

    IT IS ORDERED:

1. That the Report and Recommendation, Doc. 25, is adopted to the extent that it denies the reopening of the 2000 application for Disability Insurance Benefits from March 2000 to March 2, 2002, but that result is reached for the reasons stated herein.

2. That the Objections to the Report and Recommendation are granted to the extent that Disability Insurance Benefits are granted for the period from March 2, 2002 to January 20, 2005 for the reasons stated in this Opinion and Order.

Dated this 11th day of September, 2014.

                BY THE COURT:

                Lawrence L. Piersol
                United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
          DEPUTY