UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JAN 2 1 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SAMANTHA SMITH, | CIV. 13-4058 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING MOTION |
| -vs- | FOR ATTORNEY FEES AND COSTS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Plaintiff, Samantha Smith's motion for attorney fees and costs in this social security case.[1] Plaintiff seeks attorney fees in the amount of $11,159.36 pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d), and expenses in the amount of $669.56, representing 6% state and local sales tax on the fee. (Doc. 31.) For the following reasons, the motion will be granted.

## BACKGROUND

In July 2000, Smith filed his first application for disability after a serious work-related injury. AR 93. The application was denied and he did not appeal. *Id.* In December 2002, Smith filed his second application. After that claim was denied, Smith requested a hearing. An administrative hearing was held in October 2004. On January 20, 2005, Administrative Law Judge (ALJ) Robert Maxwell denied Smith's claim. AR 108. Smith explained that his lawyer, Barbara Dinsmore, since deceased, advised him not to file an appeal but to re-apply for benefits upon his release from prison. AR 450. The decisions on Smith's first two applications for disability benefits therefore became administratively final.

---

[1]The social security claimant, Michael Dean Smith, died on July 14, 2015. His daughter, Samantha Smith, was substituted as the plaintiff in this case. (Doc. 42.) Michael Dean Smith will be referred to as "Smith" in this Opinion.

On March 30, 2006, Smith filed his third application for disability benefits, alleging disability beginning March 1, 2000, the date of his work-related injury. The claims were denied initially on June 28, 2006 and upon reconsideration on December 8, 2006. Smith filed a request for hearing and one was held on April 23, 2008 before ALJ Maxwell. AR 18-51. On June 30, 2008, the ALJ issued a decision awarding SSI benefits for a closed period between July 14, 2006 and October 1, 2007, but otherwise denied Smith's claim. AR 15-25.

On August 4, 2008, Smith's attorney requested review of the AlJ's decision. AR 10. After review was denied, Smith filed a Complaint in this Court on September 13, 2010. *See Smith v. Astrue*, CIV 10-4131. The Magistrate issued a 35 page Report and Recommendation, recommending remand to the Social Security Administration for further proceedings. The reasons for recommending reversal were:

1. The ALJ failed to consult Mr. Smith's treating physician about when Mr. Smith's degenerative disc disease became disabling, instead substituting the ALJ's own opinion that Mr. Smith's disease did not become disabling until it was documented in a July 2006 MRI.
2. The ALJ failed to consider Mr. Smith's double-vision condition.
3. The ALJ determined Mr. Smith became able to work in October 2007 by failing to apply the Polaski factors consistently to Mr. Smith's testimony about his symptoms and abilities from the time of the March 2000 accident up through the hearing date.

The Magistrate commented on the finality of the decisions on Smith's first two applications for disability benefits:

> Because Plaintiff did not appeal the January, 2005 decision, Plaintiff's disability status has been conclusively adjudicated through January 20, 2005 (the date of ALJ's decision on Plaintiff's second claim, which became final when he did not appeal (AR 93-108). *See* 20 C.F.R. §§ 404.957(c)(1); 416.1457(c)(1) (ALJ may decline to consider one or more issues if the doctrine of res judicata applies because the Social Security Administration has made a previous determination or decision about Claimant's rights on the same facts and on the same issue or issues, and this previous determination has become final by either administrative or judicial action).

(CIV 10-4131 Doc. 19.)

Neither party objected to the Report and Recommendation. Agreeing with the errors noted by Magistrate Simko, this Court issued an Opinion and Order adopting the Report and Recommendation. (*Id.* Doc. 20.) A Judgment dated September 19, 2011, remanded the case pursuant to sentence four, 42 U.S.C. § 405(g). (*Id.* Doc. 21.)

On remand, ALJ Maxwell held a hearing on August 13, 2012. AR 411-452. He invited Smith to submit additional evidence and a substantial amount of new evidence regarding Smith's disability was received. During the hearing on August 13, 2012, ALJ Maxwell suggested that "the law of the case" required him to find "res judicata up until December 2005." AR 448. On August 22, 2012, Judge Maxwell issued a decision awarding disability benefits from January 21, 2005, forward. The basis given for the beginning date of Smith's benefits was the ALJ's belief that an award of disability benefits before that date was barred by res judicata. AR 405. ALJ Maxwell did no analysis of the applicability of administrative res judicata. Rather, he cited the language in Magistrate Judge Simko's August 24, 2011 Report and Recommendation quoted above. AR 405. The ALJ also declined to reopen Smith's 2002 disability application. AR 406.

After exhausting his administrative remedies, Smith appealed to this Court. *See Smith v. Colvin*, CIV. 13-4058 (*Smith II*). Smith asserted that the ALJ should have re-opened his 2002 claim and awarded benefits beginning on March 2, 2000, and that the ALJ erred by applying res judicata principles to decline an award of benefits before January 21, 2005.

Magistrate Judge Simko issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. Smith objected. This Court reversed. The Court noted that the language in Magistrate Simko's Report and Recommendation regarding res judicata was dicta. *See Smith II*, Doc. 29 at p. 1. This Court held that res judicata did not apply because, on remand, new and material evidence was received by the ALJ at the hearing. *Id.* at 2. On the basis of the new evidence, this Court awarded benefits outright from March 2, 2002, forward to January 20, 2005 (the date the ALJ had already awarded benefits). *Id.* at pp.3-4. Judgment for Smith was entered on September 11, 2014. (Doc. 30.)

3

On November 20, 2014, Smith's attorney filed this motion requesting an award of attorney fees and costs pursuant to EAJA. The time record for attorney Catherine Ratliff, setting forth the time she spent on this social security appeal, was attached to the brief in support of the motion. Defendant objects to an award of attorney fees and costs, arguing that the original administrative decision denying benefits to Smith was substantially justified. Magistrate Veronica Duffy issued a Report and Recommendation recommending that the motion be denied because the government's position was substantially justified. This Court agrees with Judge Duffy's legal analysis of the law of res judicata, but finds that the Commissioner's blanket application of administrative res judicata with no analysis was not substantially justified.

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded ..., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, Plaintiff's attorney is entitled to fees and expenses, if (1) Plaintiff was the prevailing party, and (2) Defendant's position was not substantially justified.

Smith clearly is a prevailing party in this action. A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court. *Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir. 1986). Under the EAJA he is entitled to an award of attorney's fees unless the government's actions were substantially justified. The Supreme Court has interpreted substantially justified to mean: "not justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. That is no different from the reasonable basis both in law and fact formulation...." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted). Thus, substantial justification under the EAJA is essentially a reasonableness standard. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)

4

(when the Secretary's position is reasonable in denying the claimant's claim for benefits, an award of attorney's fees is not appropriate under EAJA.)

The Commissioner bears the burden of proving that her position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). In the present case, the Commissioner argues that her denial of benefits based on res judicata was substantially justified because Magistrate Judge Simko said in his 2011 remand recommendation that res judicata barred Smith from receiving benefits before January 21, 2005. After careful review of Plaintiff's objections to Magistrate Judge Duffy's the Report and Recommendation on the motion for attorney fees, and all the documents in this case, the Court finds that the Commissioner was not substantially justified in applying res judicata. This decision is not based on this Court's finding that res judicata does not apply.[2] As explained below, the Court finds unreasonable the way that the ALJ decided to apply res judicata here.

Because res judicata prevents reexamination of the merits of an administrative decision, the doctrine of res judicata for social security is limited to claims that involved the same facts and issues as in a previous decision. *See* 20 C.F.R. § 404.957(c)(1) ("The doctrine of re judicata applies in that we have made a previous determination or decision under this subpart about your rights *on the same facts and on the same issue or issues*, and this previous determination or decision has become final by either administrative or judicial action.") (emphasis added). Accordingly, res judicata does not apply when new and material evidence has been presented that is applicable to the previously adjudicated period. The agency's procedural manual instructs ALJs that when a claimant submits new and material evidence in connection with the current claim, the facts are not the same as in the earlier claim and res judicata does not apply. HALLEX I-2-4-40, 2005 WL 1870458.

---

[2]Smith's new evidence of disability was presented at the August 2012 hearing. The evidence was not before the Social Security Administration when it made the previous decision on the application, and the new evidence was of such weight to result in a different outcome. The new evidence submitted at the hearing before the ALJ in 2012 interjected new facts and issues which compromised an essentially new claim not subject to res judicata.

The way that the ALJ decided to apply res judicata in the present case is contrary to the terms of the regulations promulgated by the Commissioner. The ALJ did not even reconsider whether res judicata should or should not apply in light of the new and material evidence that Smith presented at the 2012 hearing. Instead, the ALJ simply relied on references to res judicata made by Judge Simko in 2011. That was not a reasonable way to decide if res judicata applies. The record before Judge Simko in 2011 did not include new and material evidence that Smith was disabled prior to January 2005. Finality of decisions is important, but an overriding goal of our social security system is to give claimants a full and fair opportunity to establish any entitlement to benefits. The new evidence presented to the ALJ at the hearing on August 13, 2012, conclusively established that Smith was disabled and entitled to benefits prior to January 2005. But even if the new evidence had failed to establish Smith's disability prior to January 2005, the blanket application of administrative res judicata is not substantially justified within the meaning of the EAJA.

The Court next must determine whether the amount requested by Plaintiff's attorney is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not dispute that the fees and costs requested by Plaintiff are appropriate, and the Court has carefully reviewed the time record submitted by Plaintiff's attorney and finds that the time expended and the hourly rates are reasonable. Accordingly,

IT IS ORDERED:

1. That the Motion for EAJA Fee is granted (Doc. 31), and Plaintiff is awarded attorney fees for her counsel in this social security appeal in the total amount of $11,159.36 and expenses of $669.56 pursuant to EAJA, 28 U.S.C. § 2412(d);

2. That Plaintiff's objections to the Magistrate's Report and Recommendation (Doc. 37) are granted to the extent set forth in this Order, and the Magistrate's recommendation denying the motion for attorney fees is rejected (Doc. 36).

Dated this 21st day of January, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
DEPUTY